UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINA PIERCE,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA, INC.,<br><br>        Defendant. | Case No.  22-cv-03177-TLT<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: ECF No. 9 |

Plaintiff Raina Pierce ("Plaintiff") initiated this lawsuit in Alameda County Superior Court against defendant Tesla, Inc.'s ("Defendant"), alleging causes of action for (1) harassment, (2) discrimination, (3) failure to prevent discrimination and harassment, and (4) retaliation. *See* Compl., Ex. 1, ECF No. 1. Defendant removed this action to this Court pursuant to 28 U.S.C. §§1441 and 1446, asserting diversity jurisdiction under 18 U.S.C. §1332. *See* Notice of Removal, ECF No. 1. Before the Court now is Defendant's motion to compel arbitration and to stay the action filed by Plaintiff. Def. ['s] Mot. to Compel Arb. ("Mot."), ECF No. 9. In its discretion, the Court finds this motion suitable for determination without oral argument. Civ. L.R. 7-1(b).

Having carefully considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **GRANTS** Defendant's motion to compel arbitration. Accordingly, the hearing scheduled for February 7, 2023, is **VACATED.**

**I.  BACKGROUND**

Plaintiff began working for Defendant in approximately January 2021. Compl. ¶ 1. Plaintiff alleges that throughout her employment she "has been subject to a pattern and practice of harassment and discrimination," which she reported on several occasions to her supervisors. *Id.* at ¶ 2. According to Plaintiff, Defendant knew or should have known about this behavior but failed

1   to take adequate measures to protect Plaintiff. *Id.* at ¶ 3. Plaintiff contends that this harassment
2   and discrimination created intolerable working conditions for her, and she was placed on leave and
3   prevented from returning to work. *Id.* at ¶¶ 4-5.
4       Prior to commencing employment with Defendant, and as a condition of her employment,
5   Plaintiff signed an offer letter on January 5, 2021. The three-page offer letter included an
6   arbitration agreement on the second page, which states:

> [T]o ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by binding arbitration and private arbitration in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes….

12  Pl. ['s] Opp'n to Mot. 5 ("Opp'n"), ECF No. 14; Decl. of Ben Flesch ("Flesch Decl.,"), ¶¶ 9-12,
13  Ex. 2, ECF No. 9-2. Plaintiff claims she could not edit the offer letter, and "she was limited to
14  accepting or declining [the offer letter] by clicking a button." Opp'n 5.
15      Plaintiff does not dispute that she signed the offer letter, nor does she contest that the offer
16  letter contained an arbitration agreement and that her individual claims are encompassed within
17  the scope of the arbitration agreement. Instead, Plaintiff argues that the arbitration agreement is
18  procedurally and substantively unconscionable, rendering it unenforceable. Opp'n 1.
19      As such, the question before the Court is whether the arbitration agreement is procedurally
20  and substantively unconscionable and thus unenforceable.

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs the motion to compel arbitration. 9 U.S.C. §§ 1 et seq. Under the FAA, a district court determines, (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). To evaluate the validity of an arbitration agreement, federal courts "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995). If the court is satisfied "that the making of the arbitration agreement or the failure to comply with the

2

1  agreement is not in issue, the court shall make an order directing the parties to proceed to
2  arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "[A]ny doubts
3  concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H.*
4  *Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

### III.   DISCUSSION

#### A.   Unconscionability

A party seeking to invalidate a contractual provision as unconscionable must prove both procedural and substantive unconscionability. *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016) (citing *Armendariz v. Found. Health Psychcare Servs.*, 24 Cal. 4th 83, 114 (2000)). However, "[a] sliding scale is applied so that the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Serafin v. Balco Props. Ltd., LLC*, 235 Cal. App. 4th 165, 178 (2015). When evaluating procedural unconscionability, courts focus on oppression or surprise that results from unequal bargaining power. *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1133 (2013). When evaluating substantive unconscionability, courts are more concerned with overly harsh or one-sided results. *Id.*

#### 1.   Procedural Unconscionability

"Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013). The analysis for procedural unconscionability "begins with an inquiry into whether the contract is one of adhesion." *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 126 (2019) (quoting *Armendariz*, 24 Cal. 4th at 113) (internal quotation marks omitted). Generally, a contract of adhesion is a "standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it*." Pinela v. Neiman Marcus Grp., Inc.*, 238 Cal. App. 4th 227, 242 (2015) (quotation omitted). Where a contract is adhesive, the question shifts to "whether circumstances of the contract's formation created such oppression or surprise that closer scrutiny of its overall

fairness is required." *OTO*, 8 Cal. 5th at 126. "Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice, while surprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (en banc)

Here, Plaintiff argues that the offer letter and arbitration agreement was presented as a contract of adhesion, "presented on a take-it-or-leave-it basis, with no opportunity for negotiation, between parties of vastly unequal bargaining power, where the terms were not all included within the four corners of the document and where the employee had to sign the arbitration agreement to gain a job." Opp'n 1, 6. Plaintiff further alleges that the arbitration agreement "required [her] to look outside the four corners of the document to fully grasp its terms." *Id.* at 6.

Defendant contends that "Plaintiff cannot establish procedural unconscionability because even mandatory arbitration agreements are enforceable, and Plaintiff presents no evidence of oppression or surprise to show otherwise." Def. ['s] Reply to Opp'n ("Reply") 1, ECF No. 17. In addition, Defendant argues that an "arbitration agreement is not automatically deemed unconscionable and unenforceable just because it is a condition of employment." Reply 2.

The Court agrees with Plaintiff that the arbitration agreement is contained within a contract of adhesion because Defendant drafted the offer letter and Plaintiff "was limited to accepting or declining [the offer letter] by clicking a button." Opp'n 5. Nevertheless, although the Court agrees with Plaintiff that the arbitration agreement is contained within a contract of adhesion, the Court finds that this creates only a "low degree of procedural unconscionability." *See Davis v. Kozak*, 53 Cal. App. 5th 897, 907 (2020) ("By itself, however, adhesion establishes only a 'low degree of procedural unconscionability.'"). The Ninth Circuit has recognized that "[w]hile California courts have found that 'the adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability' in a range of circumstances, the California Supreme Court has not adopted a rule that an adhesion contract is per se unconscionable." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261 (9th Cir. 2017) (quoting *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 915 (2015)). Thus, "the adhesive nature of a contract, without more, would

4

give rise to a low degree of procedural unconscionability at most." *Poublon*, 846 F.3d at 1262. The Court must, therefore, determine "whether there are other indications of oppression or surprise that would lead California courts to conclude that the degree of procedural unconscionability is high." *Id.*

Here, Plaintiff claims that she "did not complete high school and did not know what an arbitration was when she signed the Offer Letter and did not have access to an attorney." Decl. of Raina Pierce ISO Pl.['s] Opp. to Def. ['s] Mot. ("Pierce Decl."), ¶¶ 7-9, ECF No. 14-1. She further claims that she "was given less than one week to sign the Offer Letter, [and] [i]f she did not sign it within one week, [Defendant]'s offer would expire." Opp'n 3; Flesch Decl., Ex. 1; Reply 4. However, other than the adhesive nature of the offer letter itself, there are no other indicia of oppression or surprise with regards to the arbitration agreement. The entire offer letter is a short, three-page document, and the arbitration clause is printed on the second page with the full terms of the arbitration agreement printed on the same page. Flesch Decl., Ex. 2.

Plaintiff was also explicitly told that "[i]f [she chose] to accept [Defendant's] offer under the terms described above, [she should] please indicate [her] acceptance, by signing below and returning [the offer letter] to [Defendant] prior to 01/11/2021 after which date this offer will expire." Flesch Decl., Ex. 2; Reply 6. Plaintiff had six days to read the offer letter, and she does not dispute that she signed the letter the same day she received it, indicating that she "[chose] to accept [Defendant's] offer under the terms described above," which included the arbitration clause. Flesch Decl., Ex. 2; Reply 6. "[T]he law effectively presumes that everyone who signs a contract has read it thoroughly, whether or not that is true." *Roldan v. Callahan & Blaine,* 219 Cal. App. 4th 87, 93 (2013). Although the Court sympathizes with Plaintiff's situation, a party has a duty to read the terms of a contract before signing it, and "one who signs an instrument may not avoid the impact of its terms on the ground that [s]he failed to read the instrument before signing it." *Randas v. YMCA of Metro. L.A.*, 17 Cal. App. 4th 158, 163 (1993) (citation omitted).

Accordingly, where, as here, the adhesive nature of the arbitration agreement presents only a minimal degree of procedural unconscionability, and Plaintiff fails to show additional factors of oppression or surprise that would render the arbitration agreement procedurally improper, Plaintiff

5

1 must demonstrate a high degree of substantive unconscionability to render the arbitration

2 agreement unconscionable. *See Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 982 (2010)

3 (explaining that if there is a low degree of procedural unconscionability, the degree of substantive

4 unconscionability must be high to find the arbitration agreement unenforceable).

### 2.      Substantive Unconscionability

Substantive unconscionability focuses on the terms of the agreement and whether those are so "overly harsh" or "one-sided" as to "shock the conscience." *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002). "Although California courts have characterized substantive unconscionability in various ways…the central idea that unconscionability doctrine is concerned not with a simple old-fashioned bad bargain but with terms that are unreasonably favorable to the more powerful party." *Tompkins*, 840 F.3d at 1023 (citations and internal quotations omitted).

Here, Plaintiff argues that the arbitration agreement is substantively unconscionable because "it lacks mutuality." Opp'n 1. Specifically, Plaintiff claims that the agreement "carves out from arbitration equitable and intellectual property claims; precisely the kinds of claims likely to be brought against employees by [Defendant]." *Id.* Thus, according to Plaintiff, Defendant's "carve-out…demonstrates a systematic effort to gain an advantage over its employees," and "[b]ecause the agreement lacks mutuality, its unconscionability cannot be cured…as no amount of modification will rid [the] agreement of its 'unconscionable taint.'" *Id.*

Defendant argues that the arbitration agreement "requires **both** Plaintiff and [Defendant] to arbitrate any claims arising from or related to Plaintiff's employment and allows **either** Plaintiff or Defendant to obtain 'injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration.'" Reply 7-8 (quoting Flesch Decl., ¶11, Ex. B) (emphasis in original). In addition, Defendant argues that "any issues allegedly affecting the substantive fairness of the [Non-Disclosure and Inventions Assignment Agreement] do not affect the fairness of the *separate* Arbitration Agreement, and Plaintiff has failed to offer any evidence in support of her claim that the Arbitration Agreement itself is substantively unconscionable." *Id.* (emphasis in original).

The Court agrees with Defendant. The California Supreme Court has held that broad language reaching "any dispute" is sufficiently broad to provide the "modicum of bilaterality" that

1    is required under California law, as such broad language reaches suits brought by both employees
2    and employers. *See Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1249 (2016); *Armendariz*, 24
3    Cal. 4th at 117 (An arbitration agreement fails for lack of mutuality when it fails to provide a
4    "modicum of bilaterality" in the application of its terms.).

In *Baltazar v. Forever 21, Inc.*, the California Supreme Court held that an arbitration agreement was mutual where it applied to "any claim or action arising out of or in any way related to the…employment…of Employee." *Id.* at 1248–49. Here, the language in the arbitration agreement— "[Plaintiff] and [Defendant] agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment or the termination of your employment…"—is similarly broad, applies to both employer and employee-initiated suits, and thus contains at least a "modicum of bilaterality" under *Baltazar*.

Because "[t]he standard for substantive unconscionability—the requisite degree of unfairness beyond merely a bad bargain—must be as rigorous and demanding for arbitration clauses as for any contract clause," *Sanchez*, 61 Cal. 4th at 912, and the degree of substantive unconscionability must be high to find the arbitration agreement unenforceable when, as here, there is a low degree of procedural unconscionability, *Dotson*, 181 Cal. App. 4th at 982, the Court finds that Plaintiff has not met her burden of demonstrating substantive unconscionability.[1]

## IV.     CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's motion to compel arbitration.[2] The parties are ordered to submit their claims to arbitration as provided by their agreement. 9 U.S.C. § 4. This action is stayed pending the arbitration proceedings. The parties shall file joint status reports every 120 days apprising the Court of the status of the arbitration proceedings, with the first report due May 30, 2023.

---

[1] Because the Court finds Because Defendant's arbitration agreement contains at least a "modicum of bilaterality," it does not reach Plaintiff's argument regarding a "lack of business justification." *See* Opp'n 12-13. Similarly, because the arbitration agreement is not unconscionable, the Court need not reach the question of whether it should sever or modify terms deemed unconscionable.

[2] The Court did not consider any information contained in Defendant's request for judicial notice. *See* RJN, ECF No. 10. Thus, the Court denies Defendant's request for judicial notice as moot.

**IT IS SO ORDERED.**

Dated: January 30, 2023

_____
TRINA L. THOMPSON
United States District Judge